## Richmond Lumber Company, et al. v. Butler.

(Decided December 1, 1914.)

### Appeal from Madison Circuit Court.

Trial—Evidence.—Where the evidence showed in a very convincing way that the plaintiff was entitled to the relief sought, rulings of the trial court excluding offered circumstantial evidence tending in an indirect way to disprove the plaintiff's contention, did not prejudice the rights of the defendant.

W. B. SMITH and G. MURRAY SMITH for apellants.

J. TEVIS COBB and M. DON FORMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In May, 1913, the appellant, Richmond Lumber Company, recovered in the Madison Circuit Court a judgment against Gahren, Dodge & Maltby, a New York corporation, for $462.80. On June 28, 1913, an execution issued on this judgment, and on July 2nd it was levied on an automobile, which, on July 19th, was sold by the sheriff; and at the sale the lumber company became the purchaser.

On July 23, 1913, the appellee, Mrs. Butler, alleging that she was the owner of and entitled to the possession of the automobile, brought this suit against the lumber company and its sureties on a bond of indemnity, to recover the automobile, or its value, $1,500, and damages for its detention, fixing the damages, in an amended petition, at $1,200.

The lumber company, by its answer, put in issue the averments of the petition, and thereafter there was a trial before a jury and a judgment in favor of Mrs. Butler for the automobile, if it could be had, or if not, $1,350, its value, and for the further sum of $840, damages for its detention.

Its motion for a new trial having been overruled, the lumber company appeals and asks that the judgment be reversed for alleged errors that will be noted in the course of the opinion.

In a general way the evidence conduced to show that the automobile in question was purchased by J. W. Butler, in December, 1912, from the Phoenix Motor Car Company, of Lexington, for $1,750, and that Butler, on May 3, 1913, and before his marriage with Mrs. Butler, presented to her this automobile, with the understanding that she would assume and pay the balance due on the purchase price of it.

The evidence further shows that the execution defendants never owned or had any interest in the automobile. There is also sufficient evidence in the record to support the finding of the jury on the subject of damages for the detention of the automobile.

On the trial of the case the court instructed the jury "to return a verdict finding that the plaintiff, Mrs. Florence Butler, is entitled to the possession of the machine, if to be had, and if not to be had, the jury will

fix its value as they may think proper from the evidence, not exceeding the sum of $1,500.

"The court directs the jury to consider the evidence on the question of damages and to find for the plaintiff whatever sum they may believe from the evidence is a reasonable and proper compensation for the loss of the possession and use of the machine from July 2, 1913, the day it was taken, up to the 26th day of September, 1913. But they cannot exceed the sum of $1,260 in all, if they find anything in the way of damages for the plaintiff."

The lumber company did not offer any instructions except one asking the court to direct a verdict in its favor, and while it appears that a formal exception was taken to the instructions given, the subject of instructions was not mentioned in the motion and grounds for a new trial, nor do counsel complain of them in their brief filed in this court.

It would appear from this that counsel recognized that the instructions correctly submitted to the jury the only controverted issue in the case, which was the question of damages; and after reading the evidence carefully, we are also of the opinion that the instructions were proper, because the evidence shows that all of the payments made on the automobile which was purchased by Butler were made by Butler or his wife, or other persons for them. There is no evidence in the record upon which an instruction could be predicated that Mrs. Butler was not the owner of and entitled to the automobile.

Herman Gahren, of the firm of Gahren, Dodge & Maltby, testified that Butler was not an officer of the company; and one of the assigned errors is that the trial court refused to permit evidence that Butler, in executing a mortgage, signed it as vice president of the company. We do not think this offered evidence would have thrown any light on the subject of the ownership of the automobile. It was competent for the purpose of contradicting Gahren, and for no other purpose. This being the extent of its competency, we do not think its rejection prejudiced in the slightest degree the rights of the lumber company.

It is also complained that the trial court refused to permit some evidence tending, in a remote and indefinite way, to show that two checks given in payment of the automobile were drawn on the account of Gahren, Dodge

& Maltby; but, as the evidence shows, that Butler was an employe of this company, and that these checks were payments to him on his salary, it is very clear that the exclusion of this circumstantial evidence was not prejudicial error.

On the trial of the case counsel for the lumber company found themselves confronted with positive and convincing evidence that the machine was not the property of the execution defendants, and in an effort to overcome the force of this evidence, counsel naturally and reasonably seized hold of every circumstance available tending in any way to support their contention; but, if the court had let them prove everything they wanted to, we do not see how the result could have been changed.

It is also assigned as error that the court erroneously permitted Mrs. Butler to prove that she was specially damaged by being deprived of the use of the automobile. The evidence on the subject of damages shows, in a very satisfactory way, that the damages sustained were much larger than the jury allowed her. The only evidence of special damages in the record is that given by Spicer, who testified what the use of the automobile was worth and what he agreed to pay Mrs. Butler for its use. We think this evidence was clearly competent for the purpose of showing the loss she sustained in being deprived of the use of the automobile.

It may be, as argued by counsel for the lumber company, that Gahren, Dodge & Maltby, with the assistance of Butler, are endeavoring to defeat the collection of the judgment debt by preventing the subjection of this automobile; but the evidence allowed to go to the jury, taken in connection with that refused, does not sustain counsel in their assertion.

Finding no prejudicial error in the record, the judgment is affirmed.